Max D. GUSTIN and Mary J. Gustin, Leon B. Mead and Mildred C. Mead, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 18952.

United States Court of Appeals Sixth Circuit.

July 2, 1969.

John Kennedy Lynch, Cleveland, Ohio, for petitioners.

Chester C. Davenport, Dept. of Justice, Washington, D. C., for respondent, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Marian Halley, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the Tax Court disallowing petitioners' claims to deductions for business bad debts and holding that the debts in question were either nonbusiness bad debts or (in the case of corporate loans) a capital loss, and hence only partially deductible. Two transactions are involved.

Petitioner Gustin, a lawyer, loaned $2,875 to a Mr. and Mrs. Clarke and ultimately wrote off $2,300 of the loan as a business bad debt. He claims that because he had made loans on 11 other recorded occasions in the course of 22 years, that he was in the business of making loans. Alternatively, he claims this bad debt was proximately related to his business as a lawyer, and therefore fully deductible. The Tax Court found to the contrary on both issues.

The other transaction involved considerably more money. Gustin and Mead advanced to a particular corporation in which they were each one-third stockholders a total of $142,613. They took cognovit notes from the corporation in return. Ultimately, the corporation defaulted on its payments and Gustin and Mead filed a partnership return showing a net loss of $101,513. The individual losses of half of this amount

were disallowed by the Commissioner as business bad debts, but petitioners were allowed a partial deduction either as a capital loss or as a nonbusiness bad debt.

The finding of fact of the Tax Court was that these two stockholders made the loans expecting to be able to save the business and to secure repayment through future earnings. It pointed out that the loans were made at a time when there was a net deficit in the capital account and as a consequence, it treated the loans as advances of capital. The Tax Court held that taxpayers' services to the corporation as lawyer or insurance agent were of such minor significance as to have no proximate relationship to the loans. It also held that neither taxpayer was in the loan business.

The Tax Court relied primarily upon Whipple v. Commissioner of Internal Revenue, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288, rehearing denied, 374 U.S. 858, 83 S.Ct. 1863, 10 L.Ed.2d 1082 (1963). In that case Justice White, writing for the Court, pointed out concerning the applicable statutory language with which we are concerned (26 U.S.C. § 166 (1964)):

> "It was designed to make full deductibility of a bad debt turn upon its proximate connection with activities which the tax laws recognized as a trade or business, a concept which falls far short of reaching every income or profit making activity." Whipple v. Commissioner of Internal Revenue, *supra* at 201, 83 S.Ct. at 1173.

The Court also quoted a Congressional Comittee Report illustrating the intent of Congress:

> " 'The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If that relation is a proxi-

mate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a nonbusiness debt for the purposes of this amendment.' H.R.Rep. No. 2333, 77th Cong., 2d Sess. 77; S.Rep.No. 1631, 77th Cong., 2d Sess. 90." Whipple v. Commissioner of Internal Revenue, *supra* at 200–201, 83 S.Ct. at 1173, n. 9.

We have reviewed this record and conclude that the findings of fact as related above, and as more fully stated in the Tax Court Memorandum of March 14, 1968, are not clearly erroneous, and that the Tax Court correctly applied the law to the facts as found.

The judgment of the Tax Court is affirmed.