JOSEPH & FREDDIE LINDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linder v. Commissioner
Docket No. 667-80.
United States Tax Court
T.C. Memo 1981-205; 1981 Tax Ct. Memo LEXIS 539; 41 T.C.M. (CCH) 1368; T.C.M. (RIA) 81205; April 27, 1981. Alfred B. Katz and Ernest Zied, for the petitioners. Robert J. Kastl, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income taxes of $ 25,948 for 1975 and $ 4,611 for 1972. The sole issue presented is whether certain debts which became worthless in 1975 [1] were "non-business" debts within the meaning of section 166(d). [2]
FINDINGS OF FACT Some *540 of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, resided in Cincinnati, Ohio, at the time they filed their petition in this case. They filed joint Federal income tax returns for the years in issue (including an amended return for 1972) with the office of the Internal Revenue Service in Cincinnati, Ohio. Petitioner Joseph Linder (Linder) was employed as president and chief executive officer of Fibre Glass Evercoat Co., Inc. (Fibre Glass), an Ohio corporation. His compensation from Fibre Glass during the years 1972 through 1977 consisted of a salary of between $ 30,000 and $ 32,000 and a bonus which was dependent upon the corporation's earnings. During those years, Linder's total compensation and Fibre Glass' earnings (losses) were as follows: Salary
Corporate
and
earnings
Year
bonus
(losses)
1972
$ 32,860
$ 79,215 1973
32,167
163,932 1974
40,881
172,645 1975
58,911
229,763 1976
40,956
(56,809)
1977
42,470
60,204 Linder has been the controlling shareholder of Fibre Glass since its formation in 1956. During 1975, he owned approximately 61 percent of the stock of Fibre Glass. Petitioner *541 Freddie Linder was also a shareholder. Specialty Adhesives Manufacturing Co., Inc. (SAMCO) was an Ohio corporation which, until its liquidation in 1975, was a supplier of Fibre Glass. [3] On October 13, 1972, Linder suggested to the board of directors of Fibre Glass that they purchase some stock in SAMCO in order to encourage its continuing in business. When they declined to do so, Linder announced that he would buy $ 2,000 worth of SAMCO stock and that Fibre Glass could purchase it from him any time within the next three years for his original purchase price. In pursuit of this plan, Fibre Glass loaned Linder $ 2,000. Linder purchased sufficient shares to give him more than a 60 percent interest in SAMCO. *542 From 1972 through 1975, Fibre Glass loaned money to Linder, which he in turn loaned to SAMCO. Of the more than $ 75,000 loaned by Fibre Glass to Linder in this fashion, $ 55,940.91 was outstanding at the end of August 1975. Linder additionally contributed $ 10,240.14 to SAMCO by satisfying its $ 10,000 (plus interest) obligation to a third party. SAMCO partially repaid Linder in 1975 by conveying to him property worth $ 10,500. Thus, SAMCO was indebted to Linder in the net amount of $ 55,681.05, and the parties have stipulated that this indebtedness became worthless in 1975. Free Form Marble Co., Inc. (Free Form) was an Ohio corporation until it was liquidated in 1975. Linder loaned Free Form a total of $ 21,150 between January and November of 1975. This indebtedness was secured by the assets of Free Form, and when Free Form was liquidated and its assets sold, Linder received $ 10,474.The parties agree that the remaining $ 10,676 of Free Form's indebtedness to Linder became worthless in 1975. In addition, Linder was jointly liable with Free Form on a note dated August 4, 1975, made in favor of a third-party lender. Although the proceeds of this loan were used in the *543 business of Free Form, Linder satisfied the entire obligation, paying $ 9,338.03 in November 1975 and $ 4,921.05 sometime in 1976. Neither petitioner was ever a shareholder or employee of SAMCO or Free Form. Linder was not afraid during 1972 through 1975 that he might lose his job at Fibre Glass or that Fibre Glass might cease to do business. Linder was not in the trade or business of lending money during the years involved herein. Linder's dominant motive in lending money to SAMCO was to protect his investment in SAMCO and to protect and increase his investment in Fibre Glass by encouraging a supplier to continue to do business with it. Linder's dominant motive in lending money to Free Form was to protect and increase his investment in Fibre Glass by sustaining a floundering company which had the potential to become a Fibre Glass supplier. OPINION The issue in this case is whether Linder's dominant motive in lending money to SAMCO and Free Form was to protect his job (thereby making the obligations business debts) or whether his dominant motive was otherwise (thereby making the obligations nonbusiness debts). See United States v. Generes, 405 U.S. 93 (1972); *544 section 166(d); section 1.166-5, Income Tax Regs. The issue is one of fact, see section 1.166-5, Income Tax Regs., and the burden of proof is upon petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure. We hold that petitioners have failed to carry their burden. As our findings of fact show, Linder's dominant motive in lending funds to SAMCO and Free Form was to protect his investments. Linder testified that he had no fear of losing his job at Fibre Glass if SAMCO or Free Form did not survive, and the facts amply justify his belief. SAMCO was but a minor supplier to Fibre Glass, see note 3 supra, and there is no indication that Fibre Glass was at all concerned with the prosperity of SAMCO or Free Form, let alone that their failure would entirely undermine Fibre Glass; between 1972 and 1975, Fibre Glass' after-tax profits average more than $ 160,000 annually. Since Linder was not in the trade or business of lending money, the worthless debts at issue are nonbusiness debts. See Gustin v. Commissioner, 412 F.2d 803 (6th Cir. 1969), affg. per curiam a Memorandum Opinion of this Court; Koppelman v. Commissioner, 27 T.C. 382 (1956). *545 Cf. Deely v. Commissioner, 73 T.C. 1081, 1092-1093 (1980). Petitioners' argument is that Linder's loans to SAMCO and Free Form were founded upon a motive to help develop suppliers of Fibre Glass, with a view to developing increased business for Fibre Glass and thus enhancing Linder's potential for increased bonus. Aside from the fact that we are not bound by Linder's testimony to this effect, see United States v. Generes, supra at 106; Hunsaker v. Commissioner, 615 F.2d 1253 (9th Cir. 1980), affg. a Memorandum Opinion of this Court as to an issue similar to that involved herein, we are satisfied that the record herein in this regard is simply too nebulous to establish the "proximate relationship" necessary to bring this case within the ambit of the protection-of-employment cases.Cf. Imel v. Commissioner, 61 T.C. 318, 324 (1973). Moreover, we note that even if such a relationship were established, we would still conclude that Linder at most had a dual motive, with the investment motive the dominant one. Under such circumstances, the bad debts would still fall within the nonbusiness category under the standards *546 established by United States v. Generes, supra.See also and compare Continental Ill. Nat. Bank v. Commissioner, 69 T.C. 357, 374-376 (1977). Decision will be entered for the respondent. Footnotes
1. The deficiency determined by respondent for petitioners' 1972 taxable year arises because petitioners carried back to 1972 part of their net loss reported for 1975. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1975. See note 1 supra↩.
3. SAMCO's records indicate that sales were as follows: ↩
Period
Total sales
Sales to Fibre Glass
July 1974
$ 5,938.25
$ 832.88
August 1974
7,879.24
1,241.52
Septembre 1974
16,297.55
None
October 1974
13,464.17
530.10
November 1974
8,392.35
100.00
December 1974
6,189.95
100.00
January 1975
15,104.73
301.93
February and
March 1975
4,590.50
None
April 1975
10,893.55
None
May and
June 1975
4,958.67
None
July through
September 1975
16,739.00
None